

# FILED

**MAR 1 4 2011**

PATRICK E. DUFFY, CLERK
By_____
DEPUTY CLERK, MISSOULA

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF MONTANA

### MISSOULA DIVISION

| UNITED STATES OF AMERICA, | ) | Cause No. CR 07-67-M-DWM |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | ORDER DENYING MOTIONS |
| STEVEN RAY RITCHIE, | ) | |
| Defendant. | ) | |

Proceedings on Defendant/Movant Ritchie's motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255 were concluded in this Court on January 28, 2011. The motion and a certificate of appealability were both denied. On February 28, 2011, Ritchie filed motions to correct the record under Fed. R. App. P. 10(e) and a motion for reconsideration. Those motions were denied on March 4, 2011.

On March 1, 2011, Ritchie signed two more motions for reconsideration. One

includes a request to amend his motion to correct the record under Fed. R. App. P.

10(e). Again, Ritchie does not seek to correct the record. He seeks to correct the

Court's and the jury's interpretation of the record. Relief under Appellate Rule 10(e)

is not intended for that purpose. The motion to amend his previous and already

denied Rule 10 motion is denied.

As for reconsideration, again, the jury heard Ritchie ask Timothy Scott to hide

guns from the police – not from Gina. Order (doc. 115) at 5-6. One of Ritchie's

motions for reconsideration is based on hearsay from Duane Kirkland, who was

subpoenaed by both parties to appear at trial but failed to do so, and from Gina

Ritchie, Ritchie's ex-wife. Both allegedly told Ritchie that a detective threatened

them; whether they really told him that, <u>see</u> Trial Tr. II (doc. 97) at 231:19-234:3,

236:17-238:8, or if they did, whether they were telling the truth, is anyone's guess.

At any rate, Kirkland's alleged testimony would not undermine the United States'

theory of the case or the self-incriminating phone call. <u>Compare</u> Mot. to Reconsider

(doc. 120) at 2-3 <u>with</u> Order (doc. 115) at 5-7, 10-13.

Gina Ritchie testified at trial, and Ritchie submitted an affidavit from her with

his § 2255 motion. Now, he says she says she testified as she did at trial because a

detective threatened to take her children away from her if she testified favorably to

Ritchie. She did not say that at trial, and she did not say that in her affidavit.

Compare Mot. to Reconsider (doc. 120) at 3 with Gina Ritchie Aff. (doc. 110-3 at 22-23). She was more relaxed on the stand and more forthcoming when the prosecutor cross-examined her than when Ritchie's attorney questioned her. Compare Trial Tr. III (doc. 98) at 307:19-312:25 with id. at 313:7-323:18. In fact, if the jury had believed what Gina Ritchie told the prosecutor on cross-examination, Ritchie would have been acquitted. But her testimony was contradicted by other evidence. When she responded to questions about the guns, she plainly did not know what she was talking about. Order at 12-13 & nn.7-8.

Most importantly, Gina still does not claim that she told Ritchie, between his return Montana on December 20 and the recorded phone call he made from the jail on December 31, 2004, where the firearms were located. Ritchie's other motion for reconsideration claims this is not true,[1] Mot. to Reconsider (doc. 121) at 2, but it is. As he admits, he testified at trial that he did not know where the guns were on the day he was arrested, December 30, 2004. Yet, the next day, when he made the phone call to the house, he told Scott to look in a leg under the pool table for a .22 revolver the

---

[1] Ritchie's argument is no more than an assertion that, since he knew where the guns were, Gina must have told him. The notion that Gina told Ritchie where all the guns were was the nub of Ritchie's feigned "transcript" of his conversation with Scott after his release from jail in January 2005. Trial Tr. II (doc. 97) at 231:19-234:3, 236:17-238:8. Not only did Ritchie falsify that conversation, but Gina's ignorance of the unique location of the .22 was conclusively established at trial. See also Order (doc. 115) at 2 ¶ II.

ORDER DENYING MOTIONS / PAGE 3

police search had missed. Gina was in the hospital at this time; Scott was at Ritchie's

house to receive the call because he was taking care of the Ritchies' children. Trial

Tr. II at 217:5-15; Trial Tr. III at 288:20-289:23. At trial, Gina testified that the .22

was kept with the other guns introduced into evidence at trial, Trial Tr. III at 322:15-

17 – in short, she had no idea it was "tucked up into one of the legs of the pool table."

Trial Tr. II at 217:18-20. Thus, Gina's newly alleged testimony also would not

undermine the United States' theory of the case or the self-incriminating nature of the

phone call that Ritchie made.

Enough is enough. The § 2255 motion is denied. Ritchie's post-judgment

motions are denied. This matter is now before the Court of Appeals. No further

motions for reconsideration or correction of the record will be entertained.

* * *

Yet another motion to reconsider has arrived. It too is denied. Ritchie's

counsel received and listened to the entire tape of the recorded phone call from the

jail. It was redacted to protect Ritchie from unfair prejudice, not to conceal

exculpatory evidence. Trial Tr. (doc. 96) at 4:7-5:16. There is no reason whatsoever

to believe that exculpatory evidence was withheld.

Accordingly, IT IS HEREBY ORDERED that Ritchie's additional motions to

ORDER DENYING MOTIONS / PAGE 4

reconsider (docs. 120, 121, 122) are DENIED.

DATED this ____ day of March, 2011.

Donald W. Molloy
United States District Court